# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PAULINE A. BRADY, et al., | ) | Lead Case: 4:18-cv-01440-JAR |
| | ) | |
| Debtors, | ) | Consolidated Cases: |
| _____ | ) | *In re Long*, 4:18-cv-01441-JAR |
| | ) | *In re Beard*, 4:18-cv-01442-JAR |
| ROSS H. BRIGGS | ) | *In re Moore*, 4:18-cv-01443-JAR |
| | ) | *In re Logan*, 4:18-cv-01444-JAR |
| Appellant, | ) | *In re Stewart*, 4:18-cv-01445-JAR |
| | ) | *In re Shields*, 4:18-cv-01446-JAR |
| v. | ) | |
| | ) | |
| HON. CHARLES E. RENDLEN III, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |
| | ) | |
| ROSS H. BRIGGS | ) | Case No. 4:18-cv-01402-JAR |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HON. CHARLES E. RENDLEN III, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Honorable Charles E. Rendlen III's separate motions to dismiss filed in Case No. 4:18-cv-01440-JAR ("consolidated bankruptcy appeals") and Case No. 4:18-cv-01402-JAR ("writ proceeding"). For the reasons set forth below, the

motion to dismiss the consolidated bankruptcy appeals will be denied, and the writ proceeding will be dismissed without prejudice.

**I.      Background**

These cases have a complex and complicated history. As relevant to the issues before the Court, on April 20, 2016, Judge Charles E. Rendlen[1] issued a 250-page order ("April 2016 Order") sanctioning Ross Briggs in eight separate bankruptcy cases in which Briggs represented the debtor ("eight underlying bankruptcy cases"). Those sanctions included a prohibition from filing any new bankruptcy cases in this district. Briggs then engaged in considerable litigation challenging the April 2016 Order.

In 2017, Briggs filed separate petitions for reinstatement to Chief Bankruptcy Judge Surratt-States and Chief District Court Judge Sippel. Both petitions were denied, and, on appeal, the Eighth Circuit directed Briggs to seek reinstatement directly from Judge Rendlen. *In re Reed*, 888 F.3d 930, 940 (2018). Thereafter, Briggs filed separate motions for reinstatement in the eight underlying bankruptcy appeals, as well as motions seeking the disqualification of Judge Rendlen from ruling on his reinstatement motions.

On June 25, 2018,[2] Judge Rendlen denied the motion to disqualify, and on July 10, 2018, Judge Rendlen denied without prejudice Briggs' motion for reinstatement for failure to prosecute. On July 12, 2018, Briggs filed an expedited motion to consolidate the eight cases for purposes of appeal. However, the Bankruptcy Court denied the motion to consolidate because

---

[1]    When referencing Judge Rendlen in his capacity as Appellee or Respondent, the Court will refer to said party as "Appellee" or "Respondent." Otherwise, when referencing actions taken in the Bankruptcy Court proceedings, the Court will either refer directly to Judge Rendlen or to the Bankruptcy Court.

[2]    The Order denying the motion to disqualify was entered on June 25, 2018 in *Brady*, *Long*, *Beard*, *Moore*, and *Logan*, and July 10, 2018 in *Stewart* and *Shields*.

2

Briggs had not yet filed notices of appeal in the eight underlying bankruptcy cases, thus rendering the Bankruptcy Court unable to evaluate commonality of issues of law and fact.

On July 25, 2018, Briggs filed a notice of appeal in one of the eight underlying bankruptcy cases, *In re Reed*. The appeal was assigned to Judge Hamilton, who struck the notice of appeal because Briggs sought to appeal two separate orders (the order denying his motion to disqualify and the order denying his motion for reinstatement), in violation of Local Bankruptcy Rule 8001(A). Judge Hamilton's Order striking Briggs' notice of appeal is on appeal before the Eighth Circuit. *In re Reed*, No. 18-2895 (8th Cir.).

On August 23, 2018, Briggs filed a petition for writ of mandamus or prohibition, seeking an Order from the Court mandating that Judge Rendlen recuse himself from presiding over any matters related to the reinstatement of Briggs' full privileges to practice in the Bankruptcy Court or, alternatively, prohibiting Judge Rendlen from presiding over those matters. Then, on August 29, 2018, Briggs filed notices of appeal in the other seven underlying bankruptcy cases, appealing only Judge Rendlen's Order denying the motion to disqualify, and those cases are now before the undersigned.

**II.     Arguments of the Parties**

In the motion to dismiss filed in the writ proceeding, Respondent argues that writs of mandamus are abolished under Federal Rule of Civil Procedure 81 and cannot be used as a substitute for an appeal. (Writ Doc. No. 9).[3] Respondent also argues that a writ of prohibition can only be used in cases where the applicant has an unquestioned legal right to the performance of the duties sought and no other adequate remedy, which do not exist here.

---

[3]     When referencing documents filed in the writ proceeding (4:18-cv-1402-JAR), the Court will use "Writ Doc." When referencing documents filed in the consolidated bankruptcy appeal, the Court will use "Bank. App. Doc."

He also filed a motion to dismiss in the consolidated bankruptcy appeals, arguing that the consolidated appeals constitute an impermissible collateral attack on Judge Hamilton's Order striking the notice of appeal in *In re Reed*. (Bank. App. Doc. No. 14). Appellee further argues that because the Order denying disqualification is a final order in *In re Reed*, any order entered in these consolidated bankruptcy cases would be moot. Lastly, Appellee contends that the Court should hold the consolidated bankruptcy appeal in abeyance pending Briggs' appeal of Judge Hamilton's Order striking his notice of appeal in *In re Reed*.

Briggs filed a consolidated response in opposition to the motions to dismiss. (Bank. App. Doc. No. 18). He argues that his consolidated bankruptcy appeal presents a ripe controversy that will repeat itself if not reviewed by the Court. Briggs further maintains that the issue of disqualification is not presently before the Eighth Circuit in his *In re Reed* appeal, and thus the consolidated bankruptcy appeal should not be held in abeyance or viewed as a collateral attack. As to the writ proceeding, Briggs contends that his petition for writ properly invokes the appellate jurisdiction of the Court over the Bankruptcy Court. Briggs further admits that if his consolidated bankruptcy appeal is properly before the Court, the writ proceeding is unnecessary and inappropriate.

### III. Jurisdiction

Under 28 U.S.C. § 158, "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . and with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) & (3); *In re Allen*, No. 4:18-CV-210-RLW, 2018 WL 3785170, at *2 (E.D. Mo. Aug. 9, 2018). An order denying a motion to disqualify is an interlocutory order, requiring an appellant to file a motion for leave

to appeal the bankruptcy order under § 158(a)(3). *In re Moix-McNutt*, 215 B.R. 405, 407 (B.A.P. 8th Cir. 1997) (holding that the denial of a recusal motion is not a final order).

Here, Briggs failed to file a motion for leave to appeal. However, in light of the history of this case, the Court will construe the notice of appeal as a motion for leave to appeal. *See In re Mach., Inc.*, 275 B.R. 303, 306 (B.A.P. 8th Cir. 2002). "The decision to deny leave to appeal in an interlocutory bankruptcy order is purely discretionary . . . but guided by the standards found in 28 U.S.C. § 1292(b) which define the jurisdiction of courts of appeal to review interlocutory orders." *In re Mamtek US, Inc.*, No. 2:15-CV-04057-SRB, 2015 WL 5604418, at *4 (W.D. Mo. Sept. 23, 2015) (citing *In re Yehud–Monosson USA, Inc.,* 472 B.R. 868, 882 (D. Minn. 2012) (quotation marks omitted)).

"Section 1292(b) requires that: (1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation. *In re Mach., Inc.*, 275 B.R. at 306 (citing 28 U.S.C. § 1292(b)). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." *Id.*

Here, the consolidated bankruptcy appeals concern a matter of law that is controlling, and there exists a difference of opinion concerning the Bankruptcy Court's decision to deny the motion to disqualify. Most importantly, an immediate appeal would materially advance the ultimate termination of the litigation. Specifically, a ruling on the merits of Briggs' consolidated appeals would conclude the proceedings on this point. Accordingly, the Court will address Appellee's motion to dismiss.

## IV. Discussion

An action with an independent purpose and contemplative of another form of relief that depends on the overruling of a prior judgment is a collateral attack. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 941 (8th Cir. 2000). "An unappealed final judgment is conclusive of the matters adjudicated, and cannot be challenged in a separate proceeding." *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 854–55 (8th Cir. 2015) (quoting *Freeman v. Leader Nat'l Ins. Co.,* 58 S.W.3d 590, 598 (Mo. Ct. App. 2001)).

Briggs challenges the denial of the motion to disqualify in each of the eight underlying bankruptcy cases. He initially sought consolidation of the eight cases, but the Bankruptcy Court denied his request. Thus, he filed eight separate notices of appeal, and the notice of appeal filed in *In re Reed* was stricken as defective by Judge Hamilton. However, Judge Hamilton's order was not a final adjudication on the merits, nor is her Order conclusive of the matters sought to be adjudicated in the instant consolidated bankruptcy appeals. Thus, the consolidated bankruptcy appeals before this Court are not a collateral attack.

Next, the Court turns to Appellee's argument that the consolidated bankruptcy appeals should be dismissed as moot because the Order denying disqualification became final after Briggs filed a defective notice of appeal in *In re Reed*. A district court does not have jurisdiction over an appeal from an interlocutory bankruptcy court order where the reviewing court is incapable of providing meaningful relief. *See In re O & S Trucking, Inc.*, 529 B.R. 711, 717 (B.A.P. 8th Cir. 2015), *aff'd*, 811 F.3d 1020 (8th Cir. 2016). If nothing of practical consequence turns on the outcome of an appeal, then the appeal is moot. *In re Gretter Autoland, Inc.*, No. 16-3490, 2017 WL 3139442, at *2 (8th Cir. July 25, 2017) (citing *In re Smith*, 921 F.2d 136, 138–39 (8th Cir. 1990)).

Here, each of the underlying bankruptcy cases constitute separate and unconsolidated matters. The seven cases before the undersigned were consolidated solely for the purposes of appeal. Thus, even if the order denying disqualification in *In re Reed* became final, it would not moot the issue on appeal in these cases, which remain separate and unconsolidated at the bankruptcy court level. Moreoever, Judge Hamilton's Order addresses issues distinct from those present here. Thus, the Court will deny the motion to dismiss the appeal as moot.

Lastly, the Court will not hold the consolidated bankruptcy appeals in abeyance pending an Eighth Circuit ruling in *In re Reed*. In that case, Briggs is appealing the order striking his notice of appeal, not the merits of Judge Rendlen's order denying disqualification. Therefore, the outcome of that appeal may not be dispositive of the issues in these cases.

The consolidated bankruptcy appeals are now properly before the Court, and the Court will enter a briefing schedule. Briggs has an adequate remedy at law in his appeal of the consolidated bankruptcy cases, and thus, the Court will dismiss as moot Briggs' petition for writ of mandamus and/or writ of prohibition. *See In re Allen*, 2018 WL 3785170, at *2 ("A writ of mandamus may not be used as a substitute for an appeal. . . ."); *In re Robinson Helicopter Co., Inc.*, 818 F.3d 773, 774 (8th Cir. 2016) ("A writ of prohibition is an extraordinary form of relief that is available to correct a clear error of law where the aggrieved party has no other adequate means to attain the desired relief.").

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Honorable Charles E. Rendlen III's motion to dismiss filed in Case No. 4:18-cv-01440-JAR (Bank. App. Doc. No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Ross H. Briggs' petition for writ of mandamus or prohibition is **DISMISSED without prejudice**. (Writ Doc. No. 1).

**IT IS FURTHER ORDERED** that the Honorable Charles E. Rendlen III's motion to dismiss (Writ Doc. 8) filed in Case No. 4:18-cv-01402-JAR is **DENIED as moot.**

Dated this 6th day of June, 2019.

                                                        */s/ John A. Ross*
                                                        **JOHN A. ROSS**
                                                        **UNITED STATES DISTRICT JUDGE**